**STATE of Minnesota, Respondent,**

v.

**Anthony Robert THOMPSON, Appellant.**

**No. C8–92–222.**

Court of Appeals of Minnesota.

June 9, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Gary S. McGlennen, Asst. County Atty., Minneapolis, for respondent.

John M. Stuart, State Public Defender, Scott G. Swanson, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and NORTON and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant challenges the sentencing court's revocation of probation, claiming the sentencing court abused its discretion where appellant did not intentionally violate any conditions of probation. We disagree and affirm on this issue. He also claims his conviction for first degree sale of crack cocaine must be reduced because the statute under which he was convicted has been declared void. We agree and remand for resentencing.

## FACTS

Appellant pleaded guilty to one count of first degree controlled substance crime and one count of second degree controlled substance crime in violation of Minn.Stat. §§ 152.021, subd. 1(1), and 152.022, subd. 1(2) (Supp.1989). Appellant was sentenced to concurrent prison terms, 86 months for Count I and 68 months for Count II. The court stayed execution of the sentences and placed appellant on probation for 15 years, imposing several conditions. Two probation revocation hearings were held, one on May 29, 1991, and one on September 9, 1991. On both occasions, after appellant admitted to violating probation, the sentencing judge ordered additional days of incarceration and reinstated probation. After the September hearing, the judge also ordered appellant to attend a treatment

program at NEXUS, once an opening became available.

Within two months it became clear that Hennepin County would no longer contract with the NEXUS program. On November 7, 1991, a third probation revocation hearing was held, based on appellant's nonparticipation in the NEXUS program. Appellant claimed that because the closing of NEXUS was not his fault, his probation could not be revoked on the ground asserted. The sentencing court ruled that appellant's previous probation violations justified the execution of the previously stayed sentences and sent appellant to prison for 86 months.

In support of its decision to revoke appellant's probation, the sentencing court stated

> [the] decision to continue Mr. Thompson on probation * * * was solely conditioned on the then availability of NEXUS and had I not believed that NEXUS was available for treating Mr. Thompson, I would have sent him to prison then. And it is my view of the record that I am revisiting that date and that time and that decision at this point and in doing so, the stay is revoked and 86 months is ordered into execution.

## ISSUES

1. Did the sentencing court abuse its discretion in revoking appellant's probation when there had been no intentional violation of probation?

2. May appellant challenge the constitutionality of his sentence under Minn.Stat. § 152.021, subd. 1(1), for the first time on appeal where the distinction between crack cocaine and powder cocaine, which underlies his sentence, has been declared unconstitutional subsequent to his conviction?

## ANALYSIS

### I.

■ Appellant claims the sentencing court abused its discretion in revoking probation because appellant did not intentionally or inexcusably violate the conditions of probation. The sentencing court has broad discretion in determining whether there is sufficient evidence to revoke probation. *State v. Austin,* 295 N.W.2d 246, 249 (Minn.1980). Absent a clear abuse of that discretion, an appellate court will not reverse a decision to revoke probation. *Id.* at 249–50.

Here, after appellant's second violation, the sentencing court reinstated probation on September 9 on condition that appellant enter the NEXUS program as soon as space became available. At the November 7 hearing, the court explained that it would have revoked probation at the September 9 hearing if the NEXUS program had not existed at that time.

The court did not revoke appellant's probation on the ground that his inability to attend NEXUS constituted a violation. Rather, the court found that the proposed sentencing alternative was no longer available. Because appellant's misconduct was not the grounds for revocation, we are not required to find that his behavior was intentional as required by *State v. Fritsche,* 402 N.W.2d 197, 201 (Minn.App.1987).

■ Appellant's probation was granted on condition that the NEXUS program be available. The sentencing court was within its discretion in revoking appellant's probation where the facilities contemplated in the sentencing alternative became unavailable. Any other rule might force sentencing judges to be unreasonably cautious in ordering probation, lest the probation plan fall through, as it did here.

### II.

■ Appellant also challenges the constitutionality of Minn.Stat. § 152.021, subd. 1(1), based upon the recent supreme court decision in *State v. Russell,* 477 N.W.2d 886 (Minn.1991). Generally, a constitutional challenge to a statute may not be raised for the first time on appeal. *State v. Sorenson,* 441 N.W.2d 455, 457 (Minn.1989). An appellate court, however, has discretion to consider a constitutional challenge where justice requires and where addressing the challenge does not work an unfair surprise on a party. *Id.*

Here, appellant pleaded guilty to first degree sale of crack cocaine for the sale of 15.3 grams within 90 days, under Minn.Stat. § 152.021, subd. 1(1), and to second degree sale of powder cocaine for one sale of 21 grams, under Minn.Stat. § 152.-022, subd. 1(2). These statutes made it a first degree offense to sell ten grams or more of crack cocaine, but only a second degree offense to sell ten grams or more of any other narcotic drug. To fall under the first degree statute for sale of any narcotic drug would require sale of 50 grams or more. Appellant sold a total of 36.3 grams of drugs.

Since appellant's conviction, the Minnesota Supreme Court declared unconstitutional the distinction between crack cocaine and powder cocaine, which caused widely disparate criminal penalties. *Russell,* 477 N.W.2d at 889–90. Without the illegal distinction rejected in *Russell,* appellant can only be sentenced for one second degree penalty.

A court may correct an unlawful sentence at any time. Minn.R.Crim.P. 27.03, subd. 9. We reverse as to this issue and remand for resentencing in accordance with this opinion.

## DECISION

Appellant's probation was granted on condition that the NEXUS program be available. The sentencing court was within its discretion in revoking appellant's probation where the facilities contemplated in the sentencing alternative became unavailable. Appellant's sentence for first degree sale of crack cocaine is illegal, however, and we remand for resentencing.

Affirmed in part, reversed in part, and remanded.